```
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

XIAOCI (MAGGIE) ZHENG,         )
                               )
          Plaintiff,           )      99-CV-1606
     v.                        )
                               )
GENERAL ELECTRIC COMPANY       )      MEMORANDUM AND ORDER
                               )
          Defendant.           )
```

   This matter is before the Court on defendant's motion pursuant to Federal Rule of Evidence 807, seeking to introduce into evidence at trial the affidavit of Mr. Peter Schilke, a deceased witness (Filing No. 83). On August 17, 2005, the Court directed the defendant to identify, by paragraph number, specific paragraphs within the Schilke affidavit which it seeks to admit (Filing No. 88). For each identified paragraph, the defendant was directed to specify its reasons for seeking admission of the particular paragraph along with an explanation why other, readily available, evidence is not more probative. The defendant responded on September 2, 2005, and identified paragraphs 1-4, 40-48, 51, 54-62, 72-74, 76, 78-87, 89-95, 106-110, 111, 113-14 and 120 as those specific paragraphs for which it seeks admission (Filing No. 90).

   The Court previously found that the Schilke affidavit was trustworthy and that plaintiff was given adequate notification of defendant's intent to introduce the affidavit (Filing No. 88). Thus, the key to admission of some or all of

the specific paragraphs now identified by the defendant is each paragraph's relative probative value.

The residual exception requires that the evidence offered have "more probative value on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Fed. R. Evid. 807(B). An analysis of relative probative value involves determining whether other evidence is reasonably available and, if so, is the offered evidence more probative on the point than the other available evidence. G. Michael Fenner, *The Hearsay Exception*, 373 (2003).

"Statement" signifies a "single declaration or remark" for purposes of the residual exception to hearsay rule. Thus, a court must examine an affidavit paragraph by paragraph and rule upon admissibility of each single declaration or remark to determine whether it has particularized guarantees of trustworthiness, relates to material fact, and whether its admission furthers the purposes of the Federal Rules of Evidence and the interests of justice. *United States v Canan,* 48 F.3d 954 (6th Cir. 1995)(reh'g *en banc* denied), 516 U.S. 1050 (1996)(cert. denied). Therefore, a paragraph by paragraph analysis of the Schilke affidavit is appropriate.

The Court notes that the Schilke affidavit is consistent with Shilke's deposition testimony in this case. In fact, one of the reasons for not admitting the affidavit in full

is that some statements in the affidavit are not "more probative" than Shilke's deposition testimony.  At the same time, the Court finds that the defendant correctly suggests that, in selecting affidavit statements for admission, it is necessary that what is ultimately deemed admissible, and thus is presented to the jury, needs to be a cohesive document.

In *Bohler-Uddeholm Am., Inc. v. Ellwood Group Inc.*, 247 F.39 79 (3d Cir. 2001), the Third Circuit held that a district court did not abuse its discretion in admitting portions of an affidavit from the deceased President of Uddeholm under Rule 807.  In *Bohler-Uddeholm*, the court noted that the affidavit was highly probative because the company president was the only company representative involved who had been present at a meeting where the defendants alleged that the company was made aware of details of the agreement at issue and thus would aid the jury in determining the truth.  *Id.* at 78.

Similarly, in *Copperweld Steel Co. v. Demag-Mannesmann-Bohler*, 578 F.2d 953 (3d Cir. 1978), the Third Circuit upheld a decision by a district court to admit a memorandum prepared by a lawyer of an executive who was later killed.  In *Copperweld*, the Court held that the district court did not abuse its discretion in admitting the memorandum:

> (1) because it was material, "stating the attitude of the person who was most clearly involved in the dispute"; (2) because it was

-3-

>           trustworthy, there was no reason
>           presented to doubt its truth and the
>           statement was authenticated as being
>           that of Holmquist (the deceased
>           executive); (3) because it was more
>           probative than any other evidence
>           admitted as it was direct evidence
>           of the thoughts of Holmquist,
>           Copperweld's officer in charge
>           during the negotiations and early
>           trials with the caster; and (4)
>           because it was reviewed by Holmquist
>           and apparently adopted as his
>           statement of the case, it would
>           serve the interests of justice as
>           well as the rules to admit the
>           memorandum.

*Copperweld*, 578 F.3d at 964.

The present case is similar to both *Bohler-Uddeholm* and *Copperweld* in that an integral party to the litigation has died since the events in question, and his opinions and thoughts are critical to the resolution of the case and would aid the jury in finding the truth.  As in *Copperweld*, the affidavit is also material because it states the opinions of Schilke, the person whose decisions are at issue in this lawsuit; trustworthy as the affidavit is Schilke's and was attested to by Schilke; more probative than other evidence because it is direct evidence of Schilke's thoughts and opinions; and its admission would serve the interests of justice.  Thus, under the *Copperweld* analysis, after an exhaustive, paragraph by paragraph examination, the Court has determined that selected paragraphs of the Schilke affidavit should be admitted.  Accordingly,

-4-

IT IS ORDERED that paragraphs 1-4, 40-41, 43-48, 51, 54-62, 72-74, 76, 78-87, 89-95, 106-110, 111, 113-114 and 120 are admitted under Rule 807.

DATED this 11th day of October, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court